IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| POPULAR OAKS, INC.<br><br>      Plaintiff<br><br>v.<br><br>JOHN DOE, subscriber (such person being Presently unknown)<br><br>      Defendant(s) | Civil Action No. 2:14-cv-07901-SDW-SCM<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA AND VACATE ORDER GRANTING DISCOVERY TO PLAINTIFF AND DISMISSING COMPLAINT |

PRELIMINARY STATEMENT

  I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery. I do not understand why I am being sued. I simply went online to a website (utorrent.com) that allows people to share files. I downloaded a movie and suddenly I am being sued in federal court for copyright infringement. I have had to retain the services of an attorney for fear of what could happen if I don't fight this.

  I have come to understand that these subpoena notifications are generally followed by demand letters looking for $2500-$3000 to settle. In order to avoid dealing with their lawsuit, and their phone calls, which are persistent, I am filing this motion, and

for this reason, I respectfully request that I be allowed to do so without revealing my personal identifying information.

Plaintiff may argue that this motion should be dismissed because of its anonymous filing. The reason for filing this motion anonymously is because I fear retaliation by Plaintiff. This motion brings attention to Plaintiff's questionable action of how they pursue this and other copyright infringement cases. If I filed this motion under my true name (or even IP address), I feel I would be singled out by Plaintiff for selective prosecution. The prosecution would not be because of the alleged copyright infringement, but to serve as an example to other defendants who do not settle with Plaintiff regardless of guilt or innocence.

## DISCUSSION

FED R. CIV. P. 45c(3)(A) sets forth the circumstances under which the Court must quash a subpoena. In relevant part it provides:

(c)  Protecting a Person Subject to Subpoena.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required*:  On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires excessive travel by a non-party;

(iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or

   (iv) subjects a person to undue burden.

POINT I

PLAINTIFF'S COMPLAINT PLACES AN UNDUE BURDEN ON DEFENDANT

  An undue burden exists when "the subpoena is "unreasonable or oppressive." In re Lazridis, 2011 WL 3859919, at *2 (D.N.J. Sept.1, 2011) (Schmulovich v. 1161 Rt. 9 LLC, 2007 WL 2362598 at *4 (d.N.J. Aug. 15, 2007). In evaluation whether a subpoena is unreasonable or oppressive, "the district court must balance the relevance of the discovery sought, the requesting party's needs, and the potential hardship to the party subject to the subpoena." Pepsi-Cola Metro, Bottling Co., Inc. v. Ins. Co. of N. Am. Inc., 2011 WL 239655, at *3 (E.D. Pa. Jan. 25, 2011) see also Scmulivich, U2007 WL 2362598, at *4 (DN.J. Aug. 15, 2007); In re Auto. Refinishing Paint, 229 F.R.D. 482, 495 (E.D Pa. 2005). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of (Fed. R. Civ. P. 45) are satisfied." Malibu Media, LLC v. John Does 1-15, 2012 WL 3089383, at *5 (E.D. Pa. Jul. 30, 2012 (citing City of Petersburh v. Total Containment Inc., 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008).

  Compliance with the Subpoena would subject the Defendant to substantial hardship. Effectively the subpoena would require Defendant to disclose confidential and proprietary information. "A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under FED. R. CIV. P. 26(b)(1)." PPL Energy Plus, LLC, et.al v. Solomon (citing Transcor, Inc. v. Furney Charters, Inc. 212 F.R.D.588, 591 (D. Kan. 2003). If a subpoena falls outside the scope of permissible

discovery, the Court has authority to quash or modify it upon timely motion by the party served. Id. Parties may obtain discovery regarding and non-privileged matter that is relevant to any party's claim or defense and is reasonable calculated to lead to discoverable information.  FED.R. CIV. P. 26(b)(1).  The information Plaintiff is seeking is privileged.

This is especially true given the non-party status in this action. CF. Harris v. Harley-Davidson Motor Co. Operations, Inc.  2010 WL 4683776, at *5(M.D. Pa. Nov. 10, 2010) ("The proper balance between the non-party third person's privacy interest and the discovery interest of Plaintiff is to assure that only those portions of [(the discovery sought]that are clearly relevant to Plaintiff's claim be open to disclosure.")

Plaintiff alleges that the Defendant downloaded files on their computer, containing copyrighted materials, specifically movies, generally available over the Internet so that anyone can download those files to their computer, and that this action by Defendant constitutes an infringement of Plaintiff's copyright of the movie.

This lawsuit is just like one of the estimated $30,000 cases brought since 2003 in federal district courts around the nation by members of the Recording Industry Association of America ("RIAA"), alleging copyright infringement by the downloading and filesharing of recorded music over the internet.  The only difference is the genre of what is being downloaded (music or movie).  If you substitute RIAA with Comcast, the cases are completely on point.

This flood of litigation has ostensibly evolved to stop the detrimental effect on sales of DVD's caused by the free availability of movies on the internet.  "The RIAA, who lobby for the world's big four music companies, admits that the lawsuits are largely

a public relations effort, aimed at striking fear in to the hearts of would-be-downloaders." Kravets, *File Sharing Lawsuits at a Crossroads, After 5 Years of RIAA ligiation. (*September 12, 2008). The majority of these actions have either settled or resulted in default judgments or voluntary dismissal by the plaintiffs, leading one to question whether the federal courts should permit themselves to be used to assist anyone's public relations efforts to create a climate of fear, as opposed to resolving actual cases and controversies that are properly brought before them.

Essentially, Plaintiff's theory is that someone who downloads movies from the internet, and makes them available to anyone by way of so-called peer-to-peer software (which enable users to exchange files directly between their computers without intermediary services) has violated both the copyright owner's right to make copies, 17 U.S. C. sec. 106(1), and the distribution right, 17 U.S.C. sec 106(3). Moreover, they contend that the distribution right is violated whether or not any copies have actually been distributed, and that merely making movie files available to others is an infringement. Essentially, this is how these BitTorrent cases work: the work (movie) in question is first made available to other BitTorrent users by a small number, usually one IP address. As other BitTorrent users join and start to download/share the work, a swarm grows. Plaintiff identifies the IP addresses of the BitTorrent users and sues each of them for infringement.

The right to make a single personal copy of copyrighted may be protected as fair use, 17 U.S.C. sec. 107. Also, it has been held that the distribution right requires the *actual distribution of copies*, and that merely making copies available does *not* violate the distribution right, in the absence of actual distribution of copies to the public.

True to form, shortly after commencing this action, Plaintiff obtained an *ex parte* order for immediate discovery, permitting them to serve a subpoena upon Comcast seeking the disclosure of the identity of the defendant, who are only known to the plaintiff by the IP address, which are supposedly assigned by Comcast's servers, without any notice that an action by Plaintiff was being filed. Plaintiff does not even intend to serve the summons upon the defendant until they learn the name and address of defendant. Once the identifying information is obtained from Comcast, Popular Oaks, Inc. will dismiss the action. Thus, this action is being used solely as a vehicle to discover the name of defendant, but have no intention of prosecuting the case. The current state of mass copyright infringement cases in the US clearly shows this is the standard business model for these type of cases and have been labeled "fishing expeditions" for subscriber information.

POINT 1I

PLAINTIFF'S COMPLAINT IS INSUFFICENT TO DEFEAT DEFENDANT'S FIRST AMENDMENT PRIVILEGE TO BE ANONYMOUS.

Plaintiff has not made a sufficient showing to warrant disclosure of his/her identity because they have not alleged any specific facts to demonstrate that Plaintiff has a claim against defendant. Plaintiff has not shown that this Court has personal jurisdiction over this defendant. Most importantly, Plaintiff has not alleged facts sufficient to overcome the qualified privilege which these defendants possess under the First Amendment. Accordingly, the subpoena should be quashed. Defendant has standing to object to a subpoena directed at a nonparty, because compliance with the subpoena would violate a personal right or privilege of Defendant. *Langford v. Chrysler Motors Corp.,* F2nd 1121, 1126 (2ndCir. 1975) *Minnesota School Boards*

*Assoc. Ins. Trust v. Employers Ins. Co. of Wasau,* 183 F.R.D 627 (N.D.III.1999).  The standard on a motion to quash is "entrusted to the sound discretion of the district court." *Inre Fitch, Inc.,* 330 F. 3d 104, 108 (2dCir.2003).

> Although it is common to have discovery upon commencement of an action to identify an unknown person alleged to have committed a legal wrong, there is a crucial difference in this matter.  Essentially, Plaintiff is accusing the defendant of having engaged in anonymous but wrongful distribution on the Internet. The First Amendment protects the right to speak (and to use the Internet) anonymously giving John Doe a qualified privilege.  First Amendment rights are applicable to the internet.  The Supreme Court has stated that the internet is a public forum of preeminent importance, which permits any individual who wants to express her views the opportunity, at least in theory, to reach anyone anywhere in the world at virtually no cost.  *See generally Reno v. Americal Civil Liberties Union, 521 U.S. 844 (1997).*  As a qualified privilege, it can only be overcome by a substantial and particularized showing: "[i]n order to obtain a subpoena, the copyright owner must, in effect, plead a prima facie case of copyright infringement." *Id.,* 257 F. Supp.2d at 263.  The Plaintiff in this case does not meet this showing.  Courts, both federal and state, have considered the constitutional privilege versus the interest of a plaintiff who has alleged wrongdoing in obtaining information needed to pursue litigation; and have held that the privilege is not defeated by bare allegations.  The Courts have recognized that if internet users could be identified by persons who merely allege wrongdoing without intending to litigate their claim to a conclusion would have a serious chilling effect on anonymous speech.

In *Columbia Insurance Co. v. Seescandy.com,* 185 F.R.D.573 (N.D.Cal.1999), the Court said:

In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances.  However, this need must be balanced against the legitimate and valuable right to participate in online forums anonymously or pseudonymously.  People are permitted to interact pseudonymously and anonymously with each other so long as those acts are not in violation of the law.  This ability to speak one's mind without the burden of the other party knowing all the facts about one's identity can foster open communication and robust debate.  Furthermore, it permits persons to obtain information relevant to a sensitive or intimate condition without fear of embarrassment.  People who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity.

The Court then said that a plaintiff seeking discovery to identify unknown defendants would need to satisfy three requirements:

First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court;

Second, the party should identify all previous steps take to locate the elusive defendant;

Third, plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss.  *A conclusory pleading will never be sufficient to satisfy this element.* Pre-service discovery is akin to the process used during criminal investigations to obtain warrants.  The requirement that the government show probably cause is, in part, a protection against the misuse of exparte procedures to invade the privacy of one who has done no wrong.  A similar requirement is necessary here to prevent abuse of this extraordinary application of the discovery process and to ensure that Plaintiff has standing to pursue an action against defendant.  Thus, Plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discover is aimed at revealing specific identifying features of the person or entity who committed that act.

*185 F.R.D. at 578-80(*cititation omitted, emphasis added*).*


In the instant matter, Plaintiff took a cursory effort to identify the true copyright infringer.  Just because an IP address is assigned to the Defendant, this does not equal culpability and simply going after this IP user is irresponsible.  The registered user only identifies the person who pays the Internet Service Provider (ISP) for Internet access; namely Comcast.  There are multiple possibilities as to why this defendant did not copyright infringe against Plaintiff.  Perhaps the computer/network was hacked by unauthorized personnel, Home WIFI connections run "Open" and used by an unauthorized user, perhaps a neighbor, etc), maybe a guest at Defendant's residence used

the network and defendant was unaware of this activity. Without additional investigative steps, innocent people are bound to be implicated in infringement activity and pressured to pay settlement amounts to make the threat of a federal lawsuit go away. A requirement to identify the John Doe before serving the subpoena to the ISP is required. Id. As defendant was never served the Complaint filed by Plaintiff, nor afforded an opportunity to object, the Order Granting Discovery should be vacated. The majority of courts hold that infringement of [the distribution right] requires an actual dissemination of either copies or phonerecords and without this 106(3) is not violated unless the defendant has actually distributed an unauthorized copy of the work to a member of the public. *Atlantic Recording Corp. v. Howell, 554* F. Supp. 2d at 981 (D. Ariz. 2007). Speculation of infringement is not enough to defeat Defendant's privilege of the First Amendment.

POINT III

<u>PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT</u>

In order to proceed against Defendant, Plaintiff must demonstrate that this Court has personal jurisdiction over said Defendant. In New Jersey, the burden cannot be met merely by alleging the use of the internet in New Jersey. Federal courts have generally applied a sliding scale analysis to determine whether there is jurisdiction over a defendant who has posted information on the Internet to ensure that such persons are not automatically subject to suit anywhere in the world. Under this *"Zippo"* analysis, defendants who merely upload files to the internet for others to examine and copy are not subject to personal jurisdiction on that basis. *Zippo Mfg. Co. v. Zippo Dot Com,* 952 F. Supp. 1119 (W.D.Pa.1997). Simply because the address of the Defendant is alleged to have used infringing material does not mean that this Defendant is "commercially

interactive".  Simply because the activity can be traced to Comcast as the ISP located in New Jersey, this does not mean Defendant is in New Jersey.  Plaintiff has the burden of demonstrating that personal jurisdiction exists and that burden is not satisfied without a showing that purposeful economic activity occurred in this district or that defendant resides here. F.R.Civ. P. 4 (e)(1); N.Y CPLR 302 subd. 3.  Without such allegations, the complaint cannot be sustained, and without a valid complaint, the subpoena must be quashed.

POINT IV

THE COURT SHOULD AWARD ATTORNEY FEES TO DEFENDANT

Defendants have been awarded reasonable attorney fees to Defendants in these cases. In *Mattel Inc. v. Walking Mountain Productions,* 353 F. 3d 792, 813 (9th Cir.2003), the Court awarded a fee to a nonparty who quashed a subpoena in a copyright and trademark infringement case.  In *Theofel v. Farey-Jones,* 359 F.3d 1066 (9th Cir.2003), the Court awarded a $9000.00 fee for an abusive subpoena:

> The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused.  Informing the person served of his right to object is a good start, *see* Fed. R. Civ. P. 435(a)(1)(D), but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness.  Fighting a subpoena in court is not cheap, and many may be cowed into compliance with even overbroad subpoenas, especially if they are not represented by counsel or have no personal interest at stake.  359 F.3d at 1074-75.

CONCLUSION

The Court should order the subpoena quashed, vacate the Order Granting Discovery and dismiss the complaint in its entirety because: 1) An undue burden would be placed upon the Defendant, 2) Defendant's First Amendment rights to free speech (on the Internet) has not been waived, and 3) Plaintiff has failed to allege facts supporting the existence of personal jurisdiction over Defendant.  Additionally, Defendant should be awarded a reasonable attorney's fee for having to file this motion at all simply to avoid a shake down for money by Plaintiff.

Dated: March 11, 2015

                                                            ANDREA SILVERMAN, PC
                                                            By: <u>/s/ Andrea Silverman</u>
                                                                    Andrea Silverman
                                                           Attorney for Defendant John Doe
                                                           150 River Road, H4
                                                           Montville, NJ 07045
                                                           (973) 794-3960
                                                           andrea@andreasilvermanlaw.com