A. Jordan Rushie, Esq.
Flynn Wirkus Young
NJ ID No. 043232008
2424 E York Street, Suite 316
Philadelphia, PA 19125
T: (215) 385-5291
Jordan@FishtownLaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| POPLAR OAKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE subscriber assigned IP address 68.46.113.154, <br><br> Defendant. | Case No. 2:14-cv-07901-SDW-SCM |

**PLAINTIFF'S CORRECTED[1] MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA AND VACATE ORDER GRANTING DISCOVERY AND DISMISS PURSUANT TO FED. R. CIV. P. 45(c)(3)(A)**

---

[1] Corrected to include Tables of Contents and Authorities.

1

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 4

II. ARGUMENT ......................................................................................................... 5

   A. The Third Party Subpoena Should Not Be Quashed ...................................... 5

      i. The Subpoena Does Not Place an Undue Burden on Defendant ................ 5

      ii. Arguments that Go to the Merits of Plaintiff's Complaint have no Bearing on a Motion to Quash. ................................................................................ 7

      iii. Plaintiff Needs the Subpoenaed Information to Continue with this Case ... 8

   B. Plaintiff's Complaint Should Not Be Dismissed ........................................... 10

   C. A Protective Order is Unnecessary ............................................................... 11

III. CONCLUSION ................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**

*Breaking Glass Pictures v. John Does 1-32*, 2014 WL 467137 (S.D. Ohio 2014).. 9
*Countryman Nevada, LLC v. Pitts*, 2014 WL 7178077 (M.D. Fla. 2014)..............10
*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)............10
*First Time Videos v. Does 1-500*, 276 F.R.D. 241, 247 (N.D. Ill. 2011) ................. 6
*First Time Videos, LLC v. Does 1–500,* 276 F.R.D. 241, 251 (N.D. Ill. 2011) ....... 7
*Good Man Prods., Inc. v. Doe*, 2015 WL 310603 (M.D. Fla. 2015).......................10
*Malibu Media, LLC v. Doe*, 2013 WL 5876192 (E.D. Wis. 2013) ........................11
*Malibu Media, LLC v. Doe*, 2014 WL 1228383 (N.D. Ill. 2014)............................ 7
*Malibu Media, LLC v. John Does 1–14,* 2012 WL 6115653 (N.D. Ind. 2012) ....... 6
*Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) ..... 7
*Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 (E.D. Pa 2012).......... 7
*Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 (E.D. Pa. 2012).......... 9
*Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295 (D.N.J. 2014)..5, 6, 7, 12
*Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013)........... 9
*Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 (D.N.J. 2012) ...6, 9
*Malibu Media, LLC v. Reynolds*, 2013 WL 870618 (N.D. Ill. 2013) ..................... 6
*Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 (C.D. Ill. 2012) ........... 9
*Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067 (E.D. Pa. 2012)................ 9
*Safety Point Productions, LLC v. Does 1-57*, 2013 WL 1398585 (E.D. Tenn. 2013)
................................................................................................................................ 8
*Sunlust Pictures,* 2012 WL 3717768 (N.D. Ill. 2012).............................................. 6
*TCYK, LLC v. Does 1-47*, 2013 WL 4805022 (S.D. Ohio 2013) ........................... 8
*Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008)......12

**Rules**

Fed. R. Civ. P.  45(d)(3)(B)(i-ii) ............................................................................. 5
Fed. R. Civ. P. 26(c)(1)..........................................................................................11
Fed. R. Civ. P. 45.................................................................................................... 4
Fed. R. Civ. P. 45(d)(3)........................................................................................... 5
Fed. R. Civ. P. 45(d)(3)(A)(i-iv*)* .......................................................................... 5

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA AND VACATE ORDER GRANTING DISCOVERY AND DISMISS PURSUANT TO FED. R. CIV. P. 45(c)(3)(A)**

Plaintiff, Poplar Oaks, Inc. ("Plaintiff"), by and through undersigned counsel opposes Defendant's Motion to Quash Subpoena and Vacate Order Granting Discovery and Dismiss Pursuant to Fed. R. Civ. P 45(c)(3)(A) ("Motion"), which should be denied for the reasons set forth below.

## I. INTRODUCTION

Defendant begins his Motion by admitting he committed the infringement. *See* CM/ECF 6-1 at p.1. Defendant goes on to seek various grounds for relief—none of which have any merit. First, Defendant fails to assert a legally cognizable reason to quash the third party subpoena under Fed. R. Civ. P. 45. Defendant fails to recognize that Plaintiff must obtain the subpoena response in order for this case to proceed. Second, Plaintiff's complaint states a plausible claim for relief and should not be dismissed. Third, the Court should deny Defendant's request for a protective order because Defendant failed to satisfy Rule 26. Indeed, the allegations in Plaintiff's complaint are not embarrassing or annoying within the meaning of the rule. For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion and allow Plaintiff to obtain the subpoena response from Defendant's ISP so this case can proceed.

## II. ARGUMENT

### A. The Third Party Subpoena Should Not Be Quashed

Fed. R. Civ. P. 45(d)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or, subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(i-iv*)*. The Rule also provides for circumstances in which a court *may* modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secret or other confidential research, development, or commercial information; or disclosure of certain expert opinions. *See* Fed. R. Civ. P. 45(d)(3)(B)(i-ii). "The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Rule 45] are satisfied." *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *6 (D.N.J. 2014).

     i.    The Subpoena Does Not Place an Undue Burden on Defendant

Defendant argues that the subpoena places an undue burden on him because it requires him to "disclose confidential and proprietary information." Motion, at p. 3. First, the subpoena cannot place an undue burden on Defendant because Defendant is not required to produce anything. "[A] party generally cannot challenge a third-party subpoena based on a theory of undue burden." *Malibu*

5

*Media, LLC v. John Does 1-18*, 2014 WL 229295, at *7 (D.N.J. 2014). "Because [Defendant] is not the party directed to respond to the subpoena, no action is required of him, he cannot maintain that the subpoena creates an undue burden on him." *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *6 (N.D. Ill. 2013). *See also, e.g., Malibu Media, LLC v. John Does 1–14,* 2012 WL 6115653, at *2 (N.D. Ind. 2012) ("[A]ny argument that this subpoena imposes an undue burden on Doe No. 12 fails because, as courts have consistently recognized, a subpoena directed at an ISP does not require the defendant to produce anything"); *Sunlust Pictures,* 2012 WL 3717768, at *2 (N.D. Ill. 2012) ("The subpoena does not impose an undue burden on Doe because he is not the party directed to respond to it."). Here, the subpoena does not impose an undue burden on Defendant because he is not required to respond to the subpoena.

Second, the subpoenaed information is neither confidential nor proprietary. "[C]ourts have consistently held that 'Internet subscribers do not have a reasonable expectation of privacy in their subscriber information.'" *Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697, at *4 (D.N.J. 2012) (quoting *First Time Videos v. Does 1-500,* 276 F.R.D. 241, 247 (N.D. Ill. 2011)). "This is because '[I]nternet subscribers have already voluntarily conveyed their subscriber information—name, address, and phone number to their [I]nternet [S]ervice [P]rovider.'" *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *7

(D.N.J. 2014) (quoting *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383, at *8 (E.D. Pa 2012)). Here, Plaintiff seeks only the Defendant's name and address—nonprivileged information that Defendant has already provided to his ISP. Because the subpoena seeks nonprivileged information and places no undue burden on Defendant, the Motion to quash should be denied.

    ii.    <u>Arguments that Go to the Merits of Plaintiff's Complaint have no Bearing on a Motion to Quash.</u>

Notwithstanding his apparent admission on the first page of his Motion, Defendant makes several generalized assertions that the subscriber is not necessarily the infringer. Motion, at p. 8. Regardless, arguments that go to the merits of Plaintiff's complaint are premature and have no bearing on a motion to quash. "If Doe is contesting whether he actually downloaded entire files, such arguments go to the merits of the action and are 'not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit.'" *Malibu Media, LLC v. Doe*, 2014 WL 1228383 (N.D. Ill. 2014) (quoting *First Time Videos, LLC v. Does 1–500,* 276 F.R.D. 241, 251 (N.D. Ill. 2011). *See also Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) (defenses and denials of liability "do not address the propriety *vel non* of the subpoenas" and are therefore "irrelevant and premature.").

Additionally, Defendant prematurely argues that this Court lacks personal

7

jurisdiction over Defendant, asserting "Plaintiff does not even intend to serve the summons upon the defendant until they learn the name and address of defendant." Motion, at p. 6. Defendant ignores that the fact that Plaintiff <u>cannot</u> serve process upon the Defendant until <u>after</u> Defendant is identified. Indeed, Plaintiff "cannot meet its service obligation under Fed. R. Civ. P. 4 without the requested discovery." *TCYK, LLC v. Does 1-47*, 2013 WL 4805022, at *5 (S.D. Ohio 2013). In any event, Defendant's assertion is not a legally cognizable reason to quash a subpoena under Fed. R. Civ. P. 45. "[L]ack of jurisdiction [assertions are] premature and irrelevant to the motion for expedited discovery. . . ." *Safety Point Productions, LLC v. Does 1-57*, 2013 WL 1398585, at *1 (E.D. Tenn. 2013) (denying defendant's motion to quash).

    iii.   <u>Plaintiff Needs the Subpoenaed Information to Continue with this Case</u>

Plaintiff "cannot meet its service obligation under Fed.R.Civ.P. 4 without the requested discovery." *TCYK, LLC v. Does 1-47*, 2013 WL 4805022, at *5 (S.D. Ohio 2013). Without the identifying the internet subscriber, Plaintiff has no way to protect its copyrights against pervasive anonymous online infringement.

> If the Court were to quash the subpoena as the Putative Defendants urge, <u>it would be *impossible* for [Plaintiff] to protect its copyright against internet infringers</u>. . . . Even if, as the Putative Defendants contend, someone else used their internet connections to copy and distribute [Plaintiff's] films, <u>the identity of IP address holders is relevant to [Plaintiff]'s claims: it can provide a useful starting point for identifying the actual infringer</u>. Thus, the Court finds that <u>the</u>

8

> relevance of the IP address holders' identity outweighs the burden of its subpoena.

*See e.g. Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (denying motion to quash) (citations omitted).

Further, Fed. R. Civ. P. 26 provides for broad discovery, and the identity of the subscriber is clearly relevant under the given standard.

> Rule 26 authorizes broad discovery, including discovery that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Therefore, even if discovery later reveals that it was someone other than the subscriber who violated plaintiff's copyright, the subpoenaed information (*i.e.,* the subscriber's contact information) is likely to lead to the discovery of admissible information, *i.e., the identity of the actual alleged infringer*.

*Breaking Glass Pictures v. John Does 1-32*, 2014 WL 467137, at *4 (S.D. Ohio 2014) (denying motion to quash.) "Relevance is a broad concept at the discovery phase . . . The identity of the customers associated with the Alleged IP addresses is relevant under this standard . . . The subpoenas to the ISP, therefore, are a proper use of discovery." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *4 (C.D. Ill. 2012). *See also, e.g., Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067, at *6 (E.D. Pa. 2012) (same); *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 at *9 (E.D. Pa. 2012) (same); *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (same); *Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 at *4 (D.N.J. 2012) (same).

Because Defendant has failed to state a legally cognizable reason under Rule 45, this Court should not quash the subpoena.

**B. Plaintiff's Complaint Should Not Be Dismissed**

Plaintiff's complaint should not be dismissed because it states a plausible claim for relief. A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff's complaint sufficiently alleges a claim for copyright infringement against Defendant:

> 33. Plaintiff is the owner of the copyright which covers an original work of authorship.
>
> 34. By using BitTorrent, Defendant copied and distributed the constituent elements of the copyrighted work.
>
> 35. Plaintiff did not authorize, permit or consent to Defendant's distribution of its work.

Complaint [CM/ECF 1], at ¶¶ 33-35.

Indeed, numerous courts have held that similar complaints alleging direct copyright infringement though the BitTorrent protocol state plausible claims for relief. *See e.g. Good Man Prods., Inc. v. Doe*, 2015 WL 310603, at *2 (M.D. Fla. 2015) ("Plaintiff has made a prima facie showing of copyright infringement."); *Countryman Nevada, LLC v. Pitts*, 2014 WL 7178077, at *2 (M.D. Fla. 2014) ("the district courts that have been presented with the same facts and circumstances

10

presented here are nearly unanimous in concluding that such factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss."); *Malibu Media, LLC v. Doe*, 2013 WL 5876192, at *2 (E.D. Wis. 2013) ("plaintiff has alleged enough to at least proceed to discovery and determine whether it can prove that it was the defendant who used the Internet connection to distribute the movies.").

Further, Defendant argues that Plaintiff's complaint fails to allege this Court has personal jurisdiction over Defendant: "[w]ithout such allegations, the complaint cannot be sustained[.]" Motion, at p. 6.  This is simply not true.  Plaintiff has sufficiently alleged that "Plaintiff used proven IP address geolocation technology . . . to ensure that Defendant's acts of copyright infringement occurred . . . within this District [.]"  *See* Complaint [CM/ECF 1], at ¶ 5.

Plaintiff's complaint states plausible claims for relief and should not be dismissed.

### C. A Protective Order is Unnecessary

Defendant's several requests to remain anonymous are tantamount to a request for a protective order under Rule 26.  Motion, p. 2.  Under Rule 26(c) protective orders may issue "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).  To demonstrate good cause "the movant has the burden of showing the injury 'with specificity.'  In other words, the party seeking the

protective order must . . . demonstrat[e] a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citations omitted).

Here, Defendant has asserted nothing more than a broad unsubstantiated potential harm if his identity is released to Plaintiff and subsequently to the public. The allegations contained in Plaintiff's complaint, that Defendant downloaded a mainstream Hollywood action movie, are not embarrassing. Indeed, it is "the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *8 (D.N.J. 2014).

And, to the extent that Defendant asserts that he is "fears retaliation by Plaintiff," Defendant has not and cannot point to single incident of "retaliation." Motion, at p. 2. Defendant's false claims of "persistent phone calls" are unsubstantiated and do not warrant the issuance of a protective order. Indeed, Plaintiff has not contacted Defendant—and cannot contact Defendant—because Defendant is represented by counsel. Defendant's accusations are not only untrue but they are insufficient to warrant a protective order under Rule 26.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Quash.

Respectfully submitted,

A. Jordan Rushie
**Flynn Wirkus Young**
NJ ID No. 043232008
2424 E York Street, Suite 316
Philadelphia, PA 19125
215-385-5291
Jordan@FishtownLaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: */s/ A. Jordan Rushie*